UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES ASHFORD | CIVIL ACTION |
| VERSUS | NO. 11-2915-SS |
| MARLIN GUSMAN | |

### ORDER AND REASONS

Plaintiff, James Ashford, a state pretrial detainee, filed this civil action against Orleans Parish Sheriff Marlin Gusman. In this lawsuit, plaintiff claimed that, while he was incarcerated within the Orleans Parish Prison system, he was subjected to unconstitutional conditions of his confinement and denied adequate medical care. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law further requires:

---

[1] Rec. Doc. 10.

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned finds that, for the following reasons, the complaint must be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.

## II. Conditions of Confinement Claims

Plaintiff asserts various claims related to the conditions of his confinement within the Orleans Prison System. Specifically, he claims: (1) his cell was overcrowded, with fifteen inmates confined in a cell meant to house only ten people; (2) the bedding for some inmates had to be placed on the floor where the toilets overflowed; (3) he was forced to live in areas that had been contaminated with flood waters from Hurricane Katrina and had fungus growing on the walls; (4) he was forced to eat in unsanitary conditions; (5) the toilets leaked; (6) there were no windows; (7) there was no hot water; and (8) there were no blankets.

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

To the extent that plaintiff was seeking injunctive relief with respect to those claims, his request is moot. After filing the complaint, plaintiff was transferred from the Orleans Parish Prison system, and he currently is incarcerated at the Eastern Louisiana Mental Health System Forensic Unit in Jackson, Louisiana.[4] That transfer rendered moot any request for injunctive relief. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Smith v. City of Tupelo, Mississippi, 281 Fed. App'x 279, 282 (5th Cir. 2008); Roper v. Strain, Civ. Action No. 10-341, 2010 WL 923151, at *3 (E.D. La. Mar. 8, 2010).

To the extent that plaintiff is asserting claims for compensatory damages, those claims are barred. Federal law provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).[5] Plaintiff alleged no such physical injury in his complaint. Moreover, in a Spears hearing[6] held in a related case filed challenging the conditions of his confinement within the Orleans Parish Prison system during this same period of incarceration,[7] he testified that the conditions had resulted in emotional stress but no

---

[4] Rec. Doc. 15.

[5] The term "prisoner" in § 1997e(e) includes pretrial detainees. 42 U.S.C. § 1997e(h).

[6] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

[7] Ashford v. Gusman, Civ. Action No. 12-87 (E.D. La.).

physical injuries.[8] Because he suffered no physical injury, he is barred from asserting claims for compensatory damages with respect to the challenged conditions. Herman, 238 F.3d at 665-66.

For these reasons, plaintiff's claims concerning the conditions of his former confinement within the Orleans Parish Prison system must be dismissed.

### III. Medical Claim

In his complaint, plaintiff also claimed, without elaboration, that his "maintenance medication was denied by the medical staff."[9] However, the sole defendant named in this lawsuit was Sheriff Marlin Gusman, and he is not an appropriate defendant with respect to this claim for the following reasons.

Clearly, plaintiff has not stated a proper claim against Gusman in his individual capacity. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Gusman is not a member of the jail's medical staff, and plaintiff does not allege that Gusman had any personal involvement whatsoever in the purported denial of medication. Further, Gusman may

---

[8] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

[9] Rec. Doc. 1, p. 3.

5

not be held liable pursuant to § 1983 under any theory of strict liability[10] or vicarious liability[11] for federal civil rights violations allegedly committed by his subordinates.

Plaintiff likewise has not stated a proper claim against Gusman in his official capacity. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Gusman would in reality be a claim against the local governmental body itself. Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

---

[10] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[11] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that he was denied his medication as a result of a policy or custom, much less identify such a policy or custom.

For these reasons, plaintiff's claim against Sheriff Gusman for inadequate medical care must be dismissed.

Accordingly,

**IT IS ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

In light of that Order, **IT IS FURTHER ORDERED** that defendant's motion for summary judgment, Rec. Doc. 23, is **DENIED AS MOOT**.

New Orleans, Louisiana, this fourth day of June, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**